Law Offices of Vincent S. Wong
Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
Zhong Lin Wu                                                                            Civil Action No.

                            Plaintiffs,
      v.

                             **COMPLAINT**
Rock Of Ages Corporation
                            Defendants.
------------------------------------------------------------x

Plaintiffs, ZHONG LIN WU, by their undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

### PRELIMINARY STATEMENT

Plaintiffs bring this action against the defendants ROCK OF AGES CORPORATION (hereinafter, "ROCK OF AGES") to recover damages, including compensatory damages, special damages, and punitive damages, injunctive relief, costs, and fees.

### JURISDICTION AND VENUE

1. This Court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that there is complete–diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

3. Plaintiff is individual, over the age of 18, who resides in the State of New York.

4. Defendant ROCK OF AGES is a corporation organized under Vermont law and having its principal place of business 560 GRANITEVILLE ROAD, GRANITEVILLE, VT, 05654, USA. Upon information and belief that ROCK OF AGES has continuous and systematic contacts in the state of New York.

## STATEMENT OF FACTS

5. On or about June 2016, Plaintiff began looking for a business to build a mausoleum for his family.

6. After looking through several listings, Plaintiff found an advertisement from Defendant.

7. Defendant's advertisement held Defendant to be an expert in the field of mausoleum construction.

8. Defendant's advertisement represented Defendants would construct high quality mausoleum with good workmanship.

9. Ultimately, Defendant's advertisements were false and misleading, but Plaintiff did not know this at the time.

10. Upon information and belief Defendants had targeted multiple states with their advertising, including New York.

11. Defendants promised that they could construct a mausoleum customized to Plaintiff's needs.

12. Defendant represented that they had done other mausoleum construction in New York.

13. Defendant represented that they had done other mausoleum construction in New York and were familiar with all the rules and requirements for mausoleum construction in New York.

14. On or about June 2016 Defendant and Plaintiff entered into an agreement (hereafter "Agreement") in which Defendant agreed to construct a mausoleum on Plaintiffs land, located at 1183A at 67-29 Metropolitan Avenue, Flushing, NY 11379.

15. Under the Agreement, Defendants were to build a mausoleum with certain specifications and using high quality workmanship and materials.

16. A model was used for specifications with changes added and/or promised by Defendants to Plaintiff, as requested by Plaintiff at the time the model was made/chosen.

17. Plaintiff's paid a $337,500, out of the total agreed price of $450,000 to the Defendants and Defendants constructed a mausoleum on the Plaintiffs land.

18. The mausoleum constructed did NOT match the specifications agreed upon and was of poor quality and workmanship.

19. Some of the defects include, but are not limited to: The roof of the mausoleum is materially misaligned at the junction is not flushes with the lower right stone slab, with a distance of half an inch, and which is different from the original drawing,

the two square pillars around the mausoleum door shows that the size of the upper and lower ends is not consistent, the upper one is small, the lower one is large, and the difference between the upper and lower ends is about an inch and a half, the horizontal two pillars, the top and the head after measurement, according to the above part is 11'-11" diameter, the diameter of the head part is 12' - 05" difference between up arid down is about five inches, which causes up pillar and down pillar and side wall are not in a straight line and-into a wide narrow situation, from the visual point of view, two pillars to tilt, area between the. mausoleum superstructure and the foundation is separated, the superstructure between the chassis and the foundation is simply coated with cement, this practice means that the mausoleum's framework is not secure, a gap of 1", the columns not being level, with differences of over 1 inch, problems with the doors and ventilation, multiple panels not being aligned, some being short/off by approximately 2 inches, the foundation is not secured, no cement in the foundation, foundation is shorter/smaller than agreed upon, vents improperly installed which allows improper air flow into the mausoleum, overlay is not 2" as previously agreed, walls are not aligned properly being approximately 1" off in some places, position of lettering is misplaced, and certain engraving is misplaced,
20. Because of the numerous defects and problems, Plaintiff refused to pay the balance until the problems were remediated.
21. Plaintiff had the mausoleum inspected and a report was issued detailing the defects and problems with the mausoleum.

22. Upon information and belief Defendant also did not obtain any licenses, permits, or approval for any of the construction done on Plaintiff's land.
23. Defendant refused to make the repairs and instead locked the mausoleum, and further prevent Plaintiff access until the balance was paid.
24. Defendant's actions have prevented Plaintiff from accessing his land and property.
25. Defendant has no right to the land or property, and no right to preclude Plaintiff use and/or access to his land and/or property.
26. Because of the poor workmanship, defects in the construction, and Defendant's further conduct in precluding Plaintiff from entering or using the mausoleum, Plaintiff has been precluded from using the mausoleum for its intended purpose, of housing deceased family members and loved ones.
27. Plaintiff has had to house deceased family and loved one in alternative sites, while waiting for this matter to be resolved.
28. In particular, Plaintiff has not been able to use the mausoleum for his deceased wife's remains.
29. Plaintiff specifically wanted the mausoleum built to house his deceased wife remains, as well as be available for other family members after they became deceased.
30. Plaintiff has suffered emotional harm and distress as a result of not being able to properly resolve the permanent housing of his family and loved ones remains.
31. Plaintiff has been impaired in the planning and execution of the permanent housing of his family and loved ones remains.

## COUNT I

## BREACH OF CONTRACT

32. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

33. Plaintiff and Defendant had an agreement for Defendant to build a mausoleum.

34. Plaintiff substantially performed the contract by paying Defendants.

35. Defendants have breached the contract by failing to construct the mausoleum in accordance with the specifications and agreement of the parties.

36. Defendants have breached the contract by failing to construct the mausoleum in a professional manner.

37. Defendants have breached the contract by failing to construct the mausoleum with good workmanship.

38. As a result of Defendants breaches of contract, Plaintiff has been injured.

39. Plaintiffs is entitled to damages to be determined by the Court as a result of the Defendants' actions.

## COUNT II

## BREACH OF IMPLIED COVENANT OF GOOD FAITH

## AND FAIR DEALING

40. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

41. Plaintiffs and Defendants were parties to a contract.

42. Defendant acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Plaintiffs of the rights to receive the benefits under their Contract or agreement.

43. The implied promise is not contrary to any express provision in the Contract or Agreement.

44. The alleged breach is not a breach of an express provision in the Agreements.

45. Defendant's default and breach will cause Plaintiffs additional damages and loss of use of the land and/or mausoleum.

46. Defendant's default and breach will cause Plaintiffs to incur additional fees, costs, and damages to remodel the mausoleum and loss of use of the mausoleum.

47. Plaintiffs is entitled to damages to be determined by the Court as a result of the Defendants' actions.

## COUNT III

### UNJUST ENRICHMENT

48. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

49. Defendant benefited from the payments received from Plaintiff.

50. Defendant benefited at Plaintiffs' expense.

51. Equity and good conscience require restitution.

52. Defendants have been unjustly enriched by receiving payments for work not completed and/or not done as agreed upon and/or not done in a good workmanlike manner.

53. Plaintiffs is entitled to damages to be determined by the Court as a result of the Defendants' actions.

# COUNT IV

## BREACH OF IMPLIED WARRANTY OF GOOD WORKMANSHIP

54. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

55. Defendants owed a duty to Plaintiff to perform work in a professional, skillfully, carefully, diligently, and high quality manner.

56. Defendants breached this duty by failing to perform work in in a professional, skillfully, carefully, diligently, and high quality manner.

57. The mausoleum constructed did NOT match the specifications agreed upon and was of poor quality and workmanship.

58. Some of the defects include, but are not limited to: a gap of 1", the columns not being level, with differences of over 1 inch, problems with the doors and ventilation, multiple panels not being aligned, some being short/off by approximately 2 inches, the foundation is not secured, no cement in the foundation, foundation is shorter/smaller than agreed upon, vents improperly installed which allows improper air flow into the mausoleum, overlay is not 2" as previously agreed, walls are not aligned properly being approximately 1" off in some places, position of lettering is misplaced, and certain engraving is misplaced.

59. Plaintiff was damaged by the defects in the workmanship both in the need to have these defects repaired and in the delay of use of the mausoleum.

60. Defendants breach was the cause of Plaintiff's damages.

61. Plaintiff is entitled to damages to be determined by the Court as a result of the Defendants' actions.

## COUNT V

## TRESPASS

62. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

63. Defendant has refused to make the requested repairs to the defects and problems in their workmanship.

64. Defendant has instead locked, placed obstacles, and/or prevented Plaintiff from using the mausoleum on Plaintiff's land.

65. Defendant has, without lawful authority, entered upon the premises/land of the Plaintiff and unlawfully caused to be, positioned and/or placed, one or more locks, objects, and/or obstacles on Plaintiff's property, without permission, either express or implied.

66. Defendant's unlawful entrance and prevention of Plaintiff's use of the land and property has damaged Plaintiff.

67. As a result, Plaintiff suffered damages.

## COUNT VI

## NUISANCE

68. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

69. Defendant has locked, placed obstacles, and/or prevented Plaintiff from using the mausoleum on Plaintiff's land.

70. Defendant has, without lawful authority, entered upon the premises/land of the Plaintiff and unlawfully caused to be, positioned and/or placed, one or more locks, objects, and/or obstacles on Plaintiff's property, without permission, either express or implied.

71. By placing locks and other obstructions on Plaintiff's property, refusing to remove said obstructions, locks, and other hindrances from the Plaintiff's property, Defendant has, and are continuing to intentionally interfere with Plaintiff's rights to use the land and mausoleum.

72. Defendant's actions obstructing interfering with Plaintiffs free use of the Plaintiff's property and land constitute a nuisance entitling Plaintiffs to an injunction abating the nuisance and to damages.

## COUNT VII
## PRIMA FACIE TORT

73. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

74. Defendant has intentional inflicted harm upon Plaintiff.

75. As a result of Defendant's actions and/inactions Plaintiff has suffered and/or will suffer special damages.

76. In particular, Plaintiff will incur cost and expenses to repair Defendant's poor workmanship and other defects and errors in Defendant's construction.

77. In particular, Plaintiff will incur cost and expenses related to housing deceased relatives at other locations until the mausoleum is ready for use and/or no longer obstructed by Defendant.

78. Defendant's actions and/inactions are without excuse or justification.

79. Defendant's prevention of Plaintiff's use of the mausoleum is without excuse or justification.

80. Defendant's defects and errors in the construction of the mausoleum is without excuse or justification.

81. Defendant's action in preventing the use of the mausoleum by Plaintiff is motivated by malevolence.

82. As a result of Defendant's actions Plaintiff has been injured.

## COUNT VIII
## DECEPTIVE BUSINESS PRACTICES

83. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set fourth at length.

84. Defendant is a business with a consumer-oriented marketing and sales force.

85. As part of Defendant's marketing and sales representation to customers Defendant's make misleading statements and representations.

86. These misleading statements and representations are misleading in a material way.

87. As a result of Defendant's misleading statements and representations, Plaintiff was injured.

88. Defendant's misleading statements and representations include, but are not limited to, misleading statements and representations that Defendant's will build mausoleum and/or other monuments to specifications provided by the customer, that Defendant's will build mausoleum and/or other monuments in a professional skillful and professional manner, that Defendant's will build mausoleum and/or other monuments using high quality materials, that Defendant's have experience and expertise of build mausoleum and/or other monuments in New York, that Defendant's will build mausoleum and/or other monuments in quick time frame, and that Defendant's warrant the quality and craftsmanship of all their work including mausoleum and/or other monuments that they build.

89. Because of these material misleading statements and representations, made by Defendant and/or Defendant's agents to Plaintiff, Plaintiff hired Defendant to build a mausoleum on Plaintiff's land.

90. Plaintiff relied upon these misleading representations and statements by Defendant and/or Defendant's agents when choosing to hire and pay Defendant.

91. The misleading representations and statements by Defendant and/or Defendant's agents are likely to mislead a reasonable consumer acting reasonably under the circumstances.

92. As a result of these misleading representations and statements by Defendant and/or Defendant's agents, Plaintiff has been injured.

93. Plaintiff's injury includes payments made to Defendants for inferior work, defective, and non-complaint to specification work done by Defendants, delay in use of the mausoleum, and the defective, inferior, and non-specification work done on Plaintiff's mausoleum.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully request that judgment be granted for each of Plaintiff's causes of action:

   (1)   Awarding an amount to be determined by the court for actual and compensatory damages, based upon each cause of action, estimated to be greater than $160,000, each, against Defendant.

   (2)   Awarding an amount to be determined by the court for special damages.

   (3)   Awarding punitive damages in an amount to be determined by the Court.

   (4)   Awarding prejudgment and post-judgment interest, where applicable.

   (5)   Awarding Plaintiffs the costs and reasonable attorney's fees.

   (6)   Awarding injunctive relief in favor of Plaintiff against Defendant.

   (7)   Awarding such other and further relief as this court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, NY
       June 25, 2021

Respectfully submitted,

/s/_____
Vincent S. Wong, Esq.

Law Offices of Vincent S. Wong
Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
Zhong Lin Wu                                                      Civil Action No.

                        Plaintiffs,
       v.

                                                **COMPLAINT**

Rock Of Ages Corporation
                        Defendants.
-------------------------------------------------------------x

**SUMMONS IN A CIVIL CASE AND COMPLAINT**

                          By:/s/_____
                              Vincent S. Wong, Esq.